## SIMONDS ROLLING-MACH. CO. v. HATHORN MANUF'G CO.

(Circuit Court, D. Maine. November 20, 1897.)

### No. 487.

1. PATENTS—INFRINGEMENT SUITS—EQUITY PROCEDURE—EXPERIMENTS.

In an infringement suit an alleged anticipating patent was set up, which did not, on its face, expressly show anticipatory matter, but respondent claimed that it was capable of an anticipatory use. The complainant, by a motion, represented to the court that it had experimented with such patent, but was unable to produce any practical, anticipatory results, and had taken proofs to that effect; that the respondent had introduced evidence tending to show that its own experiments were successful; further, that respondent was invited to witness complainant's experiments, but respondent's experiments were made aside from complainant. Complainant therefore moved the court for an order requiring respondent to repeat its experiments in the presence of complainant's witnesses. *Held* that, while the court might, perhaps, have authority to make such an order, the relief was so extraordinary as not to be granted except when plainly necessary; and, as the court would doubtless have power, at the proper time, to send the matter to a master to have experiments made under proper directions, the motion should be denied.

2. CROSS-EXAMINATION OF WITNESSES.

Where a cross-examination has been closed after notice to the complainant, the court will not, on his motion, require the respondent to produce the witness for further cross-examination.

This was a suit in equity by the Simonds Rolling-Machine Company against the Hathorn Manufacturing Company for alleged infringement of a patent. The cause was heard on the complainant's motion to require the respondent to repeat certain experiments in the presence of plaintiff's witnesses, and also to require defendant to produce a certain witness for further cross-examination.

Fish, Richardson & Storrow, for complainant.

Phillips & Anderson and Charles P. Stetson, for defendant.

PUTNAM, Circuit Judge. The present matter is an interlocutory motion by the complainant pending a bill in equity to restrain al-

leged infringement of letters patent.    The respondent sets up a certain English patent as containing anticipatory matter, and the issue with reference to it is, so far as the court understands, one of that class ordinarily represented by the expression "double use."    The court understands that the English patent does not, on its face, expressly point out matter which is anticipatory, but that it is claimed to be capable of a use of that character.    The complainant represents that it has experimented with the English patent referred to, but was unable to produce any practical result therefrom anticipatory of its own patent, and that it has duly taken proofs to that effect, while the respondent has introduced evidence tending to show that its own experiments have been successful.    The complainant represents that the respondent was invited to witness its experiments, but that the respondent's experiments were made aside from the complainant; and the practical object of the motion is to compel the respondent to repeat its experiments in the presence of the complainant's witnesses.    The experiments on either side were not conducted by persons of merely ordinary skill in the art, but by experts. The complainant produces to the court no precedent sustaining its motion, the authorities cited by it going only to the matter of inspection, which is a well-known branch of incidental equitable proceedings.    It is not, however, safe to undertake to set a limit to what can be worked out by the equity courts in the direction of just and proper investigation with reference to any topics concerned in legal or equitable proceedings; but it is entirely clear that such extraordinary relief as the complainant asks should not be granted except when it is plainly necessary.    As is usual with motions of an interlocutory character touching the progress of a complicated suit in equity in advance of a final hearing, it is impracticable for the court, without very elaborate investigation, to understand clearly the current condition of the litigation, so as to be reasonably certain that it can adjudicate correctly.    It appears to us that the probable results of the experiments which the complainant desires the court to order would not be of such a character as to justify unusual, and perhaps unprecedented, proceedings.    Moreover, it may well be doubted whether the issue to which the motion relates is a relevant one, and whether, in accordance with the general rule that the law applicable to patents is practical in its nature, the questions of anticipation developed by the uses to which prior inventions may be applied extend to all which can be worked out by the ingenuity of experts, and are not limited to uses apparent to persons of ordinary skill in the art.    To make these matters certain would require an examination of the pleadings and proofs in the case, which cannot be expected of the court on an interlocutory matter of this nature.

Under the circumstances of this application, the complainant cannot be charged with laches in the matter; so that if, on opening the record on final hearing on bill, answer, and proofs, it should appear that the court needs the assistance of such experiments as are now desired by the complainant, the court has no doubt that it can do complete justice by sending to a master so much of the case as is now brought to its attention, to report on the issue underlying the pres-

ent motion, and for that purpose to make experiments under proper directions. While it is well settled in the federal practice that the chancellor cannot abnegate his duty to hear the fundamental issue in a cause without the same being clouded or prejudiced by a master's report (Kimberly v. Arms, 129 U. S. 512, 524, 9 Sup. Ct. 355; Davis v. Schwartz, 155 U. S. 631, 637, 15 Sup. Ct. 237), yet it is a common practice to permit inquiries by a master incidental to the principal labor which rests on the court (Field v. Holland, 6 Cranch, 8, 22; Lawrence v. Dana, 4 Cliff. 1, 87, Fed. Cas. No. 8,136; Daniell, Ch. Prac. [6th Am. Ed.] 1203, 1646). Indeed, on bills for specific performance it has been the settled course in England to direct a preliminary inquiry as to title by a master. Having no doubt of our power to obviate in this way the difficulty which the complainant thinks now meets it, if it becomes necessary to do so, we deny complainant's motions, without prejudice to its right to apply for a master, as we have indicated, in connection with the final hearing.

The complainant also moves that we require the respondent to produce a certain witness for further cross-examination. The cross-examination having been closed after notice to the complainant, there is no propriety in our exercising this power if we could. The circumstances stated by the complainant suggest that on an application to the court the court might be justified in entering an order authorizing it to summon and examine the witness referred to as its own witness; and, if the circumstances are as stated by the complainant, the rule stated in U. S. v. Budd, 144 U. S. 154, 165, 15 Sup. Ct. 575, will probably give it practically all the same opportunities as though the witness still continued subject to nominal cross-examination. The motion of complainant, filed October 29, 1897, is denied.